UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

JOSEPH S. GONCALVES, JR.,           )
                                    )
        Petitioner,                 )        Civil No. 0:21-cv-00044-GFVT-CJS
                                    )
v.                                  )
                                    )
J. DAVID GREEN,                     )        **MEMORANDUM OPINION**
*Warden*, *EKCC*, *et al.*,         )               **&**
                                    )             **ORDER**
        Respondents.                )
                                    )
                                    )
                    ***   ***   ***   ***

        This matter is before the Court on the Motion for Preliminary and Permanent Injunction

filed by Petitioner Joseph S. Goncalves, Jr.  [R. 6.]  For the reasons that follow, Mr. Goncalves's

motion will be DENIED.

                                    **I**

        In April 2021, Mr. Goncalves filed a *pro se* Petition under 28 U.S.C. § 2254 for Writ of

Habeas Corpus by a Person in State Custody.  [R. 1.]  Through that petition, Mr. Goncalves

challenges his 2010 Kentucky convictions for first-degree robbery and for being a first-degree

persistent felony offender.  *Id.* at 1.  Mr. Goncalves's state-court record is lengthy and

procedurally complicated, and his habeas petition remains under preliminary review by the Court

to determine whether his petition was timely filed.

        Mr. Goncalves is currently housed at the Eastern Kentucky Correctional Complex

(EKCC).  [R. 1-10.]  In his self-styled motion, filed in May 2021, Mr. Goncalves seeks a

Preliminary and Permanent Injunction of certain EKCC policies.[1]  [R. 6 at 1.]  Specifically, Mr.

---

[1] In April 2021, the Clerk of Court received a letter from Mr. Goncalves, in which he complained about his ability to
photocopy and mail out a federal habeas petition at EKCC.  *See Goncalves v. E. Ky. Corr. Complex*, 0:21-CV-40-

Goncalves seeks to have the Court prohibit EKCC from applying the following two policies to him: 1) the prison photocopying a prisoner's legal mail, providing the prisoner with the copy, and then keeping the original; and 2) the prison requiring prisoners route legal research requests through Warden-approved legal aides. *Id.* at 2. Mr. Goncalves cites Federal Rule of Civil Procedure 65(a) and the First, Sixth, and Fourteenth Amendments as authority for his motion. [R. 6.] The Court finds that a hearing is not required to resolve this matter. *See Schenck v. Orosz*, 2013 WL 5963557, at *2 (M.D. Tenn. Nov. 7, 2013) ("Neither party requested a hearing on the Motion for Preliminary Injunction. Because the motion can be resolved without the need for an evidentiary hearing, the court finds that an evidentiary is not necessary."); *see also Beberman v. United States Dept. of Justice*, 675 F. App'x 131, 135 (3d Cir. 2017) ("[A]n evidentiary hearing is not always required before resolving a preliminary injunction. Indeed, a district court is not obliged to hold a hearing when the movant has not presented a colorable factual basis to support the claim on the merits or the contention of irreparable harm.") (citations omitted).

## II

The Court notes from the outset that Mr. Goncalves has not established a Constitutional violation in this case. "Kentucky law expressly permits delivery of legal mail to the prisoner via an electronic copy provided on a secure, personal account after being opened and inspected for contraband in the presence of the prisoner." *Chapman v. Henderson Cty. Det. Ctr.*, 2022 WL 109211, at *2 (W.D. Ky. Jan. 11, 2022) (citing KRS 441.055(a)(2)(d)). The Sixth Circuit has instructed that "[t]he law has not 'established that ... reading [properly marked legal mail] in inmates' presence violates constitutional rights in and of itself." *Stanley v. Vining*, 602 F.3d 767

---

DCR, R. 1 (docketed April 14, 2021). The Court docketed Mr. Goncalves's letter as a civil complaint for administrative purposes, but dismissed the filing without prejudice for Goncalves's failure to comply with Federal Rule of Civil Procedure 8. *Id.* at R. 4 (order dismissing and striking action from docket).

(6th Cir. 2010) (quoting *Lavado v. Keohane*, 992 F.2d 601, 609 (6th Cir.1993)).  "There must be some allegation that the prison official's conduct amounted to denial of access to the courts or some form of censorship of speech."  *Id.*

Here, Mr. Goncalves has not made any factual allegations that he has been denied access to the courts or that he has suffered censorship.[2]  Mr. Goncalves also has not claimed that the Kentucky policy at issue in this case was applied to him in an uneven or improper way.  *See Lavado*, 992 F.2d at 607 (holding that although "receipt of incoming mail implicates constitutional rights, prison officials may open prisoners' incoming mail pursuant to a uniform and evenly applied policy with an eye to maintaining prison security.") (citations omitted).

Furthermore, and more importantly, this action is predicated upon Mr. Goncalves's petition for a writ of habeas corpus challenging his underlying state convictions.  [R. 1.]  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and [] the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  Through his motion seeking an injunction, Mr. Goncalves seeks relief that is not contemplated by his habeas petition.  Instead, he asks that the Court prohibit EKCC from enforcing on him its policies relating to the handling of legal mail and legal research.  [R. 6 at 1.]  Therefore, rather than relating to the merits of his habeas petition, Mr. Goncalves's motion for an injunction seeks relief regarding the conditions of his confinement.

As a basic matter, "[a] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."  *See Colvin v. Caruso,* 605 F.3d 282, 300 (6th Cir. 2010) (internal quotation marks omitted).  Further, the Sixth Circuit has explained that claims relating to "conditions of

---

[2] While Mr. Goncalves spoke in general terms of "loss of confidential attorney/client work product," he did not provide the Court with any specific facts to support his motion.  [R. 6 at 6.]  The only specific example Mr. Goncalves included in his motion appeared to involve the facility's grievance procedure, not the legal mail copying policy at issue in this motion.  [R. 6 at 5–6.]

confinement" are generally improperly brought in a federal habeas action.  *See Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013) (reviewing a petition for a writ of habeas corpus brought under 28 U.S.C. § 2241).  "An exception to this general rule exists, however, where a petitioner claims that no set of conditions would be constitutionally sufficient to address the constitutional injury, in which case the claim should be construed as challenging the fact or extent, rather than the conditions, of the confinement."  *Killins v. Parris*, 2020 WL 5752151, at *2 (E.D. Tenn. Sept. 25, 2020) (quoting *Wilson v. Williams*, 961 F.3d 829, 838 (6th Cir. 2020)) (internal quotation marks omitted) (denying motion for preliminary injunction filed in a § 2254 action).

Through his motion seeking an injunction, Mr. Goncalves has not complained of prison conditions that rise to the level of challenging the fact or extent of his confinement.  Thus, his § 2254 action is not the proper procedural vehicle to raise these claims.  *See Thomas v. Keohane*, 876 F.2d 895, at *2 (6th Cir. 1989) (unpublished table decision) (citing *Preiser*, 411 U.S. at 484) ("Further, although [Petitioner's] claims that prison officials are interfering with his mail, this is a *Bivens*-type civil rights claim which is not cognizable under habeas corpus.").  Because Mr. Goncalves's motion seeking injunctive relief fails to relate to his underlying § 2254, it is not cognizable in the present action and will be denied.

### III

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** that Mr. Goncalves's Motion for Preliminary and Permanent Injunction **[R. 6]** is hereby **DENIED**.

This the 15th day of February, 2022.

4



Gregory F. Van Tatenhove
United States District Judge

5